# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| F. MARTIN KIRBY, | ) |
|                  Plaintiff, | ) No. 14 CV 5936 |
| v. | ) Magistrate Judge Young B. Kim |
| NANCY A. BERRYHILL,[1] Acting Commissioner, Social Security Administration, | ) |
|                  Defendant. | ) November 29, 2017 |

## MEMORANDUM OPINION and ORDER

Plaintiff's attorney moves for $51,431.75 in attorney's fees pursuant to 42 U.S.C. § 406(b) after successfully securing a decision awarding benefits for Plaintiff. The motion is granted in the amount of $45,672.20 for the following reasons:

## Background

Kirby retained John E. Horn as counsel and applied for disability insurance benefits in August 2011. (R. 28, Horn's Mot. ¶ 3; R. 22 at 1.) After the Commissioner denied his application, Horn appeared with Kirby at a hearing before an administrative law judge ("ALJ"). (R. 22 at 1.) The ALJ issued a decision denying Kirby benefits in December 2012 and the Appeals Council denied review in June 2014. (Id. at 1-2; Administrative Record 1-7.) In July 2014, Kirby signed an agreement with Horn providing that Horn would represent him in an appeal of the Commissioner's decision before this court in exchange for "25% of any and all

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is automatically substituted as the named defendant in this case.

backpay awarded by the Social Security Administration . . . upon successful completion of the case[.]" (R. 28-4, Ex. D ¶ 2.) Kirby then brought this action, and in July 2016 this court remanded the case for further administrative proceedings. (R. 22.) On September 5, 2017, after a second hearing before an ALJ, Kirby and his dependents were awarded $205,727 in past due benefits. (R. 28, Horn's Mot. ¶ 3.)

Horn now seeks 25 percent of those benefits in attorney's fees, amounting to $51,431.75.[2] The government argues that this sum constitutes a windfall because it amounts to an hourly rate of $1,612.28 for the 31.9 hours Horn expended on this case. (R. 34, Govt.'s Resp. at 1 (citing R. 28-1).) The government asks that the court make an unspecified reduction of the fee amount requested. (Id. at 5-6.)

## Analysis

The Social Security Act (the "Act") provides that attorney fees must be reasonable and cannot exceed 25 percent of the past due benefits. 42 U.S.C. § 406(b). In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court held that the Act does not displace contingent-fee arrangements, but rather calls for courts to assure that those arrangements "yield reasonable results in particular cases." The Court noted that contingent-fee arrangements might be unreasonable if, for example: (1) the character of and results achieved from attorney representation do not justify the amount; (2) the attorney is responsible for delay such that he or she would profit from the accumulation of benefits; or (3) the

---

[2] Horn has agreed to refund Kirby the $5,759.55 Equal Access to Justice Act award Horn received as an offset to any fees the court awards under 42 U.S.C. § 406(b) pursuant to this motion. (See R. 36, Horn's Reply ¶ 1; R. 27); *see also* 28 U.S.C. § 2412.

benefits are large in comparison to the amount of time counsel spent on the case. *See id.* at 808.

The government does not dispute that Horn's representation achieved favorable results for Kirby, nor does she contend that Horn was responsible for any delays in proceedings. Indeed, these factors weigh in Horn's favor. He has represented Kirby since 2011 and shepherded his client through multiple hearings and appeals to a favorable result. Horn also timely filed his briefs with no requests for extensions. Rather, the government argues that the requested fee amount is disproportionately high because it translates to a $1,612.28 hourly rate. (See R. 34, Govt.'s Mem. at 3-7.) The court disagrees. As an initial matter, *Gisbrecht* discouraged giving primacy to the lodestar method of calculating attorney fees in the social security context. *See* 535 U.S. at 793 (favoring the "the primacy of lawful attorney-client fee agreements"); *id.* at 806-08 ("It is also unlikely that Congress, when legislating in 1965, intended to install a lodestar method[.]"). Furthermore, the 31.9 hours Horn spent in this case is not unreasonable given the length of the record (over 800 pages) and the detailed brief he drafted to support Kirby's motion for summary judgment. (See R. 28-1, Ex. A; R. 13, Pl.'s Mem.) This is not a case in which counsel simply filed boilerplate pleadings then demanded a full 25 percent fee. *See McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) (citation omitted) (stating that a deduction would be proper in such circumstances). If Horn had been less efficient, his imputed hourly rate would of course be lower. But the court is reluctant to rely heavily on a method for determining whether a contingency fee is

3

reasonable that penalizes efficiency. *See Kazanjian v. Astrue*, No. 09 CV 3678, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011); *see also Reindl v. Astrue*, No. 09 CV 2695, 2012 WL 4754737, at *4 (N.D. Ill. Oct. 4, 2012).

Moreover, rather than seeking to obtain fees from the government as the losing party, Horn simply seeks to enforce the contractual agreement he executed with his client. *See Mathis v. Comm'r of Soc. Sec.*, No. 13 CV 256, 2017 WL 1483429, at *1 (W.D. Mich. March 17, 2017) (adopted by *Mathis v. Comm'r of Soc. Sec.*, No. 13 CV 256, 2017 WL 1464125, at *1 (W.D. Mich. April 25, 2017)). There is value in enforcing contingency fee agreements as "effective means of ensuring claimant access to attorney representation." *See Gisbrecht*, 535 U.S. at 805; *see also Reindl*, 2012 WL 4754737, at *2. If courts regularly alter contingency agreements because of high lodestar calculations, attorneys might lose their incentive to enter into such agreements in the first place, preventing claimants of limited means with difficult cases from obtaining representation. *See McGuire*, 873 F.2d at 980. As courts in this circuit have recognized, contingent fee agreements also account for an attorney's considerable risk of non-recovery. *See, e.g., id.*; *Abarca v. Berryhill*, No. 16-cv-459-jdp, 2017 U.S. Dist. LEXIS 176360, at *3-4 (W.D. Wis. Oct. 24, 2017); *Salerno v. Colvin*, No. 10 CV 2582, 2013 WL 4510171, at *1 (N.D. Ill. Aug. 26, 2013); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1080 (E.D. Wis. 2007).

Finally, even taking the lodestar calculated rate of $1,612.28 per hour into account, the requested fee is not so far afield from what other courts have awarded as to render it inappropriate solely on that basis. *See, e.g., Mathis*, 2017 WL

4

1483429, at *1 (approving approximately $1,640 per hour); *Smith v. Colvin*, No. 14 CV 3923, Dkt. No. 32 (N.D. Ill. Dec. 21, 2016) (awarding effective rate of $1,437 per hour); *Reindl*, 2012 WL 4754737, at *3 (awarding effective rate of $1,164.51 per hour); *Kazanjian*, 2011 WL 2847439, at *2 (awarding approximately $2,100 per hour).

## Conclusion

For the foregoing reasons, and because Horn has already recovered $5,759.55 in fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, Horn's motion for attorney's fees is granted in the amount of $45,672.20.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**